# In the United States Court of Federal Claims

<table>
<tr><td>

JIMMY RAY VAUGHN,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

</td><td>

Nos. 24-cv-860

Filed: December 26, 2024

</td></tr>
</table>

### <u>ORDER</u>

Plaintiff Jimmy Ray Vaughn, proceeding *pro se*, brings this action nominally against the United States.  While Plaintiff's Complaint is difficult to decipher, the Court best understands his claims as follows.  After receiving what Plaintiff believed to be inadequate responses to his filings in a 2023 lawsuit that Plaintiff had brought in the United States District Court for the District of Oregon as well an adverse ruling in the same case, Plaintiff began mailing "notices" to individual federal and state judges indicating that they would be bound by the burdensome terms of the notice if they failed to respond to Plaintiff's requests.  Plaintiff asks this Court to enforce the terms of those notices against the individual judges—something this Court lacks jurisdiction to do.  Plaintiff further alleges that the failure of the individuals to respond constitutes (i) a breach of the alleged contract formed by the same failure to respond, (ii) a violation of multiple provisions of the Constitution, and (iii) criminal and tortious actions—all claims over which this Court lacks jurisdiction to hear.  Pending before this Court is Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6).  *See* ECF No. 7.  For the reasons explained below, this Court grants Defendant's Motion to Dismiss.

**BACKGROUND**

On June 4, 2024, Plaintiff filed his Complaint, styled as a "Claim for Entry of Default Judgment of Law & Fact." *See* Complaint (ECF No. 1) (Compl.) at 1.[1]  After Plaintiff paid the Court's filing fee on June 25, 2024, Defendant moved to dismiss Plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) on August 5, 2024.  *See* Mot; *see also* Rules 12(b)(1), 12(b)(6) of the Rules of The United States Court of Federal Claims (Rules(s)); Order, dated June 6, 2024 (ECF No. 5).  Plaintiff responded to the Motion on September 5, 2024, which was flagged as deficient by the Clerk of Court and was subsequently filed by leave of the Court on September 9, 2024.  *See* Plaintiff's Response and Affidavit Supporting Plaintiff's Response (ECF No. 9) (Resp.)[2]; Order, dated Sept. 9, 2024 (ECF No. 8).  On September 24, 2024, Defendant filed its Reply in Support of its Motion to Dismiss.  *See* Defendant's Reply in Support of Motion to Dismiss (ECF No. 10) (Reply).  Plaintiff attempted to file another deficient pleading on October 4, 2024, which was filed by leave of the Court on October 8, 2024.  *See* Notice of Demand Under Rule 5(E) (ECF No. 12); Order, dated Oct. 8, 2024 (ECF No. 11).

---

[1] Citations throughout this Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.  Plaintiff's Complaint contains both a short Complaint with numbered pages and an Affidavit with numbered paragraphs.  *See* Compl. at 1–5 (Complaint), 6–20 (Affidavit).  For ease of reference because the Affidavit appears in the same ECF entry and contains relevant facts, the Court refers to both documents as the Complaint, citing the ECF-generated page number.

[2] Plaintiff raises new claims in his Response.  *See generally* Resp.  This Court need not address new claims raised in a response because "distinct claims are waived if not pled in a complaint." *Kimble v. United States*, 991 F.3d 1238, 1244 (Fed. Cir. 2021).  For example, Plaintiff's unjust conviction and imprisonment as well as procedural misconduct allegations are not considered by the Court because they were not plead in the Complaint.  Pl. Resp. 1–2, 11; *Kimble*, 991 F.3d at 1244.  Even if the Court were to consider these claims, they would nevertheless fail because this Court only has jurisdiction over unjust imprisonment claims in limited circumstances, none of which are present here.  *See Cochran v. United States*, 250 F.3d 754 (Fed. Cir. 2000).

029aaefff37c129b

Plaintiff's claims arise from a lawsuit he filed in 2023 in the District of Oregon against Capital M Lending and two of its employees alleging that they violated the Truth in Lending Act when they refused to extend him a mortgage loan.  Compl. at 2–3; Compl., Exhibit 2 (ECF No. 1-2) at 2–9 (Oregon Complaint); *see also Jimmy Ray of Vaughn Family v. Tucker*, No. 23-cv-326, 2024 WL 4217267, at *1 (D. Or. Aug. 23, 2024) (Oregon Case), *R. & R. adopted by* 2024 WL 4216545 (D. Or. Sept. 17, 2024).  The defendants in the Oregon Case moved to dismiss Plaintiff's Oregon Complaint through their attorney, Michael T. Wise.  Compl. at 3; Compl., Exhibit 4 (ECF No. 1-2) at 12–20.  Plaintiff responded by filing "Plaintiff's Objection to Dismiss for Failure to State a Claim based on Evidence and Good Faith."  Compl. at 3; Compl., Exhibit 5 (ECF No. 1-2) at 21–32 (Oregon Objection).  When Mr. Wise and the Honorable Magistrate Judge Jeffrey Armistead "were non-responsive to the counter-response" contained in Plaintiff's Objections and after an adverse ruling by the court, Plaintiff sent notices to Honorable Meagan Aileen Flynn, Chief Justice of the Oregon Supreme Court and the Honorable Michael McShane, Chief Judge for the United States District Court for the District of Oregon.  Compl. at 3; *see* Compl., Exhibit 6 (ECF No. 1-2) at 33–35 (Flynn Notice); Compl., Exhibit 11 (ECF No. 1-2) at 42 (McShane Notice).

Plaintiff sent the first notice to the Chief Justice Flynn.  Compl. at 3; Flynn Notice at 33–35; *see also* Compl. at 9–10 (reproducing terms of the Flynn Notice).  The Flynn Notice demanded information about Judge Armistead and Mr. Wise.  Flynn Notice at 33.  Specifically, Plaintiff requested "a certified copy of Hon. Jeffrey Armistead Bar#060263 (POA – Delegation of Authority)" and "a certified copy of the Attorney Michael T Wise . . . bond information."  *Id.* Plaintiff further sought a copy of Judge Armistead and Mr. Wise's "FARA Foreign Agent

Registration" if they were "inactive (hiding) BAR member[s]."[3]  *Id.*  The Flynn Notice further

indicated that it was a "NOTICE OF LIABILITY SELF EXECUTING DEFAULT" and that failing

to provide the requested information "will be the complete agreement" and a "tacit agreement" to

a number of terms, including that failure to respond would result in Chief Justice Flynn owing

Plaintiff $5.55 million and an admission of, among much else, "treason," "fraud," "extortion,"

"due process" violations, and "breach of duty."  *Id.* at 34–35 (emphasis omitted).

       After sending the first notice to Justice Flynn, Plaintiff "learned that [he] had to give notice

to Chief Judge Hon. Michael McShane"; he did so on May 13, 2024.  Compl. at 3, 8; *see* McShane

Notice at 42.  The McShane Notice purportedly provided notice of the Flynn Notice to Chief Judge

McShane and allegedly joined him to the same "self executing default" terms as the Flynn Notice.

---

[3] The Court is uncertain of the meaning behind Plaintiff's reference to delegation of authority, bonds, and the Foreign Agents Registration Act (FARA).  The Court best understands these as an assertion that Mr. Wise and Judge Armistead lacked authority to act in the Oregon case.  Plaintiff makes passing references to "agents in the Zone" and references 19 U.S.C. §81o(a), entitled "Residents of zone."  Compl. at 7, 15, 18.  Section 81o(a) provides that "No person shall be allowed to reside within the zone except Federal, State, or municipal officers or agents whose resident presence is deemed necessary by the Board."  19 U.S.C. § 81o(a).  The "zone" referenced in Section 81(o) refers to a "foreign-trade zone," which is a "is a discrete area located at or adjacent to a port of entry that is authorized by Congress to receive preferential treatment under the customs laws of the United States."  19 U.S.C. § 81a(i); *BMW Mfg. Corp. v. United States*, 241 F.3d 1357, 1359 n.1 (Fed. Cir. 2001).  This is plainly unrelated to Plaintiff's claims for breach of contract or damages, and, even if it was, these references cannot confer jurisdiction on this Court as nothing in the text of Section 81o(a) appears to be money-mandating.  Plaintiff also refers to 28 C.F.R. § 79.70 when discussing these agents in the zone.  Compl. at 15.  This regulation concerns the Attorney General's delegation of authority "to manage the Radiation Exposure Compensation Program" within the "Constitutional and Specialized Torts Staff, Torts Branch, Civil Division" of the Department of Justice.  28 C.F.R. § 79.70.  This lends no support to Plaintiff's claims of breach of contract and is plainly not money mandating.  Nor is the FARA money mandating as it does not permit private enforcement; instead, it contemplates criminal enforcement and does not create a private right enforceable against the federal government for money.  *Doiban v. United States*, 173 Fed. Cl. 527, 545 (2024).  Finally, to challenge whether Judge Armistead or Mr. Wise were authorized to adjudicate or litigate the Oregon case, respectively, would essentially be a challenge to the decision of the Court in the Oregon Case, but it is well established that this Court lacks jurisdiction to review the decisions of other courts.  *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011).

McShane Notice at 42; *see* Flynn Notice at 34–35.  Plaintiff contends that Chief Judge McShane's

"total failure to even acknowledge the email up to this date" proves that he saw the notice and was

aware of "the documentation" received by the Clerk of Court for the District of Oregon, Melissa

Aubin.[4]  Compl. at 3, 8.

When Chief Justice Flynn and Chief Judge McShane failed to respond to Plaintiff's notices,

he filed the instant Complaint in this Court alleging that their failure to respond breached their

contract, putting them "in [a] default period" of the parties' "[t]acit [a]greement" to the terms

included in the Flynn Notice.  *Id*. at 4, 8–9 (emphasis omitted); *see* Flynn Notice at 34.  Plaintiff

also appears to assert other various civil, criminal, and constitutional claims based on the

individuals' failure to respond to Plaintiff's writings.  *See* Compl. at 2, 11–20.  These include

violations of Title 18, the Sixth Amendment, the Due Process Clause of the Constitution as well

as fraud, breach of fiduciary duty, and trespass.  *Id*.  Plaintiff asks this Court to enter the "Self-

Executing Default damages" described in the Flynn Notice, which includes $5.55 million in

damages and other miscellaneous relief, along with "damages that are codified under Title 28 not

to exceed the amount of $500,000."  *Id.* at 5; Flynn Notice at 34–35.

## DISCUSSION

It is well established that this Court is not a forum for all "federal claims"; rather it is one

of limited jurisdiction.  *See Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014)

("The Court of Federal Claims is a court of limited jurisdiction.").  Generally, the Tucker Act, 28

U.S.C. § 1491, defines this Court's jurisdiction.  *RadioShack Corp. v. United States*, 566 F.3d 1358,

1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)).  The Tucker Act vests this Court with

---

[4] It is not clear to the Court whether "the documentation" refers to Plaintiff's Oregon Objections
filed in the Oregon Case or to the Flynn and McShane Notices.  Compl. at 3, 8.

jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act, however, creates no enforceable right against the United States nor does it grant jurisdiction for "every claim invoking the Constitution, a federal statute, or a regulation."  *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1987).  Rather, to invoke jurisdiction under the Tucker Act, a plaintiff must "identify a separate source of substantive law that creates the right to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (first citing *Mitchell*, 463 U.S. at 216; and then citing *Testan*, 424 U.S. at 398); *see* 28 U.S.C. § 1491(a)(1).

This Court's jurisdiction does not extend to any suits against individual federal officials or state actors.  *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."); *Vlahakis v. United States*, 215 Ct. Cl. 1018, 1018 (1978) ("The plaintiff's assertions concerning [] state officials and courts are obviously beyond this court's jurisdiction."); *Barksdale v. United States*, --- Fed. Cl. ----, 2024 WL 4834646, at *8 (2024) (holding that Court lacks jurisdiction over claims against federal judges).  A Plaintiff cannot circumvent this Court's jurisdiction "by merely naming the United States as defendant where the true nature of her allegations are lodged against a private party."  *Doiban*, 173 Fed. Cl. at 535; *see Cooper v. United States*, 771 F. App'x 997, 1000 (Fed. Cir. 2019) (quoting *Brazos Elec. Power Co-Op., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998)) ("Although the complaint names the United States as

the sole defendant in the case caption, 'we customarily look to the substance of the pleadings rather than their form' to determine whether jurisdiction exists.").

This Court liberally construes complaints filed by *pro se* plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Although held to a less stringent standard for procedural deficiencies, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *Owens v. United States*, No. 24-1883, 2024 WL 5103361, at *2 (Fed. Cir. Dec. 13, 2024); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements.").

When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *see Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). This Court must dismiss claims outside of its limited subject matter jurisdiction. *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). To withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting

*Twombly*, 550 U.S. at 555, 557) (internal citations omitted).

Plaintiff's claims fail even under the most liberal construction. Indeed, as an initial matter

and as noted below, this Court lacks jurisdiction to hear Plaintiff's claims that are not directed at

the United States, including claims that allege a breach of contract between individuals and

Plaintiff. Even if Plaintiff's claims were substantively aimed at the United States, this Court would

lack jurisdiction over Plaintiff's claims that (i) sound in tort, (ii) are brought under the criminal

code, and (iii) allege violations of the Constitution. Accordingly, this Court lacks jurisdiction to

hear any of Plaintiff's claims and accordingly must grant Defendant's Motion to Dismiss.

*First*, although Plaintiff lists the United States as the Defendant in this action, his claims

are, in substance, brought against individuals. *See* Compl. at 1–4, 7–8, 11–20. It is well established

that this Court does not have authority over suits against private parties, federal or state government

officials, or federal judges. *See Sherwood*, 312 U.S. at 588; *Brown,* 105 F.3d at 624; *Barksdale*,

2024 WL 4834646, at *8; *Vlahakis*, 215 Ct. Cl. at 1018; *see also* 28 U.S.C. § 1491. Nor can

jurisdiction be established by simply naming the United States as the Defendant when all of

Plaintiff's claims here are, in substance, aimed at individuals. *See* Compl. at 11–20; *Cooper*, 771

F. App'x at 1000. Indeed, Plaintiff contends that the Chief Judge McShane and Chief Justice

Flynn's failure to respond to his requests violated his constitutional rights and, potentially, criminal

statutes. *See* Compl. at 11–20. Plaintiff alleges only failures to act by the individuals[5] and seeks

---

[5] Beyond Chief Justice Flynn and Chief Judge McShane, Plaintiff repeatedly references actions by Michael T. Wise. *See generally* Compl. The Court, however, does not understand any of the claims to be brought against Mr. Wise. For example, the most coherent statements about Mr. Wise appear on pages 9 and 10 of the Complaint, which merely reproduce the terms of the Flynn Notice. *Compare* Compl. at 9–10, *with* Flynn Notice at 33–35. Accordingly, the Court understands the lettered paragraphs on pages 9 and 10 to recount the alleged "[t]acit [a]greement" to which Plaintiff contends Chief Justice Flynn and Chief Judge McShane agreed and simultaneously breached by

to enforce the terms of alleged contracts with individuals against individuals. *Id.*; *see also, e.g.*, *id.* at 1 (entitled Complaint, "Claim for Entry of Default Judgment"); *id.* at 3 ("Chief Judge [] McShane . . . was well aware of the received documentation by [Ms. Aubin] and had no intention of remedying the claim against [Judge Armistead]."); *id.* at 5 (seeking this Court enforce the terms "the Self-Executing Default damages"); *id.* at 11 ("These agents have failed to identify themselves to plaintiff and those actions are contrary to the compact constitutional law . . . then these agents are accountable under title 18 for civil penalties for damages."). Accordingly, as all of Plaintiff's claims are directed "against others than the United States," this Court lacks jurisdiction over all of Plaintiff's claims.[6] *Sherwood*, 312 U.S. at 588.

---

their failure to respond to notices Plaintiff sent to them. Mr. Wise's name merely came up in the reproduced terms of the agreement. Even if Plaintiff intended to bring claims against Mr. Wise, this Court would lack jurisdiction to hear such claims as this Court can only hear claims against the United States and may not hear claims against individuals. 28 U.S.C. § 1491(a)(1); *Sherwood*, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Plaintiff further references Oregon Governor Tina Kotek and Oregon Secretary of State Lavonne Griffin-Valade as "witnesses served under certified mail." Compl. at 5; Compl., Ex. 1 (ECF No. 1-2) at 1 (receipts of certified mail showing certified mail was sent to Ms. Kotek and Ms. Griffin-Valade). The Court does not construe this passing reference as joining these individuals as defendants. Regardless, even if Plaintiff intended for these state actors to be Defendants, this Court would lack jurisdiction over claims against them as they are state actors. 28 U.S.C. § 1491(a)(1); *Sherwood*, 312 U.S. at 588; *see also Vlahakis*, 215 Ct. Cl. at 1018 ("The plaintiff's assertions concerning [] state officials and courts are obviously beyond this court's jurisdiction.").

Finally, to the extent that Plaintiff alleges misconduct by Judge Armistead, the magistrate judge who presided over his previous lawsuit, this Court lacks jurisdiction over such claim for an additional reason: this Court "does not have the authority to review allegations of misconduct by judges from a different court." *Aljindi v. United States*, No. 22-1117, 2022 WL 1464476, at *3 (Fed. Cir. May 10, 2022); Compl. at 7–8. Moreover, to the extent that Plaintiff requests that this Court review the decision in his previous suit, this claim is also outside of this Court's jurisdiction as this Court lacks jurisdiction to review the decisions of district courts. *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]o the extent that [plaintiff] is seeking it, the Court of Federal Claims does not have jurisdiction to review the decisions of district courts."); Compl. at 7–8.

[6] To the extent Plaintiff is alleging that any bad actions were undertaken by Chief Judge McShane or Chief Justice Flynn in their official capacity, this Court would still lack jurisdiction. *Brown*,

Plaintiff's allegations of breach of contract are also aimed at individuals in substance as they relate to alleged contracts between Plaintiff and Justice Flynn and Chief Judge McShane for their failure to respond to his notice. Compl. at 4, 8–9 ("[F]ailure to provide the requested above documentation, will be the complete agreement between the parties . . . ."); Flynn Notice at 34 ("Failure to provide the requested above documentation will be the complete agreement between the parties.") (emphasis omitted); McShane Notice at 42 ("[A]ll that I'm saying is that your silence is will [sic] be taken as an assent if those days run down without response."). Indeed, the "Self-Executing Default" that Plaintiff seeks to enforce was purportedly a contract between Justice Flynn or Chief Judge McShane and Plaintiff. Compl. at 5, 8–9; Flynn Notice at 34–35. As noted above, this Court only has jurisdiction to hear claims founded upon contracts *with the United States*, not upon contracts between individuals. 28 U.S.C. § 1491(a)(1); *Moody v. United States*, 931 F.3d 1136, 1140 (Fed. Cir. 2019) (citing *Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998)); *see also Bd. of Trustees of Bay Med. Ctr. v. Humana Mil. Healthcare Servs., Inc.*, 447 F.3d 1370, 1377 (Fed. Cir. 2006) (affirming denial of motion to transfer case to Court of Federal Claims where "plaintiffs' claims against the government arose only under a private contract" because they were "not claims for monetary damages against the government"). Accordingly, as Plaintiff's claim is for a breach by, and for a contract with, individuals—namely Chief Judge

---

105 F.3d at 624 ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Plaintiff's request as to Chief Judge McShane would be, in effect, asking this Court to review the actions of another court or asking this Court to evaluate a misconduct allegation against Chief Judge McShane, neither of which this Court possesses jurisdiction to do. *Joshua*, 17 F.3d at 379; *Aljindi*, 2022 WL 1464476, at *3; *Stamps v. United States*, 73 Fed. Cl. 603, 610 (2006) (construing allegation that a "District Court Judge violated [a] contract" with plaintiff as a request to review the actions of a federal district court). Similarly, this Court would lack jurisdiction over Plaintiff's claims against Chief Justice Flynn in her official capacity as this Court lacks jurisdiction to hear claims against state officials. *Vlahakis*, 215 Ct. Cl. at 1018 ("The plaintiff's assertions concerning [] state officials and courts are obviously beyond this court's jurisdiction.").

McShane and Chief Justice Flynn—and not the United States, this Court lacks jurisdiction over the claim.[7] 28 U.S.C. §1491(a)(1); *Moody*, 931 F.3d at 1140 ("Unless the United States is a party to the contracts, there is . . . no jurisdiction in the Claims Court under the Tucker Act.").

*Second*, this Court lacks jurisdiction over of Plaintiff's claims for fraud, breach of fiduciary duty, and trespass, as each sound in tort. *See* Compl. at 12–13, 19–20; 28 U.S.C. § 1491(a)(1); *Brown*, 105 F.3d at 623 (dismissing fraud claims for lack of jurisdiction because fraud sounds in tort). Plaintiff alleges that a failure to respond to his Notices is evidence of "DE NOVO fraud," which he claims "show[s] deception of unlawful breaches of contract." Compl. at 12; Pl. Resp. at 9. These fraud claims plainly sound in tort, which this Court lacks jurisdiction to hear. *See Brown*,

---

[7] Even if Plaintiff's contract claims are construed as alleging a contract with the United States, his claims still fail under Rule 12(b)(6) because he fails to plead the elements of a contract. *See Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380–81 (Fed. Cir. 2019). To withstand a 12(b)(6) motion a plaintiff "must allege either an express or an implied-in-fact contract, and the breach of that contract." *Trauma Servs. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). The party alleging the contract must plead facts sufficient to show the elements of a contract, which are "(1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance, and (4) authority on the part of the government agent entering the contract." *Suess v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008). Plaintiff fails to plead sufficient facts to properly meet the elements of a contract. For example, Plaintiff pleads no facts showing mutuality of intent to contract, as the alleged acceptance occurred by not responding to an unsolicited mailing by Plaintiff. *See* Compl. at 4, 8–9 ("[F]ailure to provide the requested above documentation, will be the complete agreement of the parties . . . ."); Flynn Notice at 34 ("Failure to provide the requested above documentation will be the complete agreement between the parties.") (emphasis omitted); McShane Notice at 42 ("[A]ll that I'm saying is that your silence is will [sic] be taken as an assent if those days run down without response."). Despite Plaintiff's contentions to the contrary, silence does not constitute acceptance. *See Harbert/Lummus Agrifuels Projects v. United States*, 142 F.3d 1429, 1434 (Fed. Cir. 1998) ("[S]ilence cannot be a ratification of the unilateral contract."); *Ibrahim v. United States*, 799 F. App'x 865, 868 (Fed. Cir. 2020) ("Contract law does not permit one to send unsolicited letters to the government (or anyone else) declaring that a failure to respond to the letter constitutes both formation and breach of a contract, entitling the sender to liquidated damages."). Further, Plaintiff fails to plead any facts demonstrating that Chief Justice Flynn or Chief Judge McShane "had actual authority to bind the United States." *See Trauma Servs. Grp.*, 104 F.3d at 1325 (citing *City of El Centro*, 922 F.2d 816, 820 (Fed. Cir. 1990)). Accordingly, Plaintiff fails to state a claim upon which relief can be granted because Plaintiff fails to allege facts sufficient to meet the elements of a contract.

105 F.3d at 623 ("Because [plaintiffs'] complaints . . . are grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims."); *Doiban*, 173 Fed. Cl. at 541 ("Plaintiff's multiple fraud claims . . . fail whether construed as criminal fraud or civil fraud.").  Plaintiff further makes passing references to fiduciary duties and trespass, but to the extent Plaintiff advances these claims substantively, the Court lacks jurisdiction as they sound in tort.[8]  Compl. at 13, 19–20; *Ramirez v. United States*, 239 F. App'x 581, 583 (Fed. Cir. 2007); *see Noll v. United States*, No. 24-1174, 2024 WL 3517627, at *3 (Fed. Cir. July 24, 2024) ("The Tucker Act and our case law interpreting the Act are clear that the Court of Federal Claims does not have jurisdiction over tort claims, including trespass and fraud."); *Fairholme Funds, Inc. v. United States*, 26 F.4th 1274, 1296 (Fed. Cir. 2022).[9]  Accordingly, because fraud, breach of fiduciary duty, and trespass all sound in tort, this

---

[8] Plaintiff also quotes the text of the Sherman Act.  Compl. at 23; 15 U.S.C. § 1.  To the extent that Plaintiff's tort or criminal law claims are actually antitrust claims under the Sherman Act, this Court plainly lacks jurisdiction as jurisdiction for claims under the Sherman Anti-Trust Act is vested with district courts.  *See* 15 U.S.C. § 15(a); *Everett v. United States*, No. 24-2245, 2024 WL 4750068, at *1 (Fed. Cir. Nov. 12, 2024).

[9] This Court may possess jurisdiction over a breach of fiduciary claim in certain limited circumstances that are not present here.  These include where the government "specifically accepts" the duty "by statute or regulation" or if the duty is "grounded in a contractually based obligation" to the plaintiff."  *See Fairholme Funds*, 26 F.4th at 1296–99.  As discussed above, Plaintiff alleges no contract between himself and the United States.  Plaintiff appears to rely on 26 U.S.C. § 6903(a) for his breach of fiduciary duty claim.  Compl. 13–14.  Section 6903(a), however, does not impose any specific fiduciary duty on the individuals.  *See Schneiter v. United States*, 159 Fed. Cl. 356, 373 (2022) (holding that breach of fiduciary duty claims sound in tort where the specific duty referenced is "nowhere to be found in the statute.").  Under § 6903(a), all fiduciaries must give notice to the Secretary of the Internal Revenue Service (IRS).  *United States v. Pugach*, 388 F. Supp 1091, 1903 (S.D.N.Y. 1974); 26 U.S.C. § 6903(a).  Once notice is given by the fiduciary, the fiduciary assumes the tax rights and responsibilities of the beneficiary.  *Pugach*, 388 F. Supp. at 1903.  Critically, the fiduciary must file the notice, not the beneficiary.  *See* 26 C.F.R. § 301.6903-1 ("Every person acting for another person in a fiduciary capacity shall give notice thereof to the district director in writing.").  A beneficiary cannot burden unwitting individuals with the duties imposed by Section 6903(a) simply by sending a letter to the IRS, as Plaintiff did here.  Compl. 13–14.  Because Plaintiff's breach fiduciary duty claims sound in tort, his Court lacks jurisdiction to adjudicate his breach of fiduciary duty claim.

Court lacks jurisdiction to hear those claims.  28 U.S.C. § 1491(a); *see also Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("It is immediately clear that the tort claims are clearly outside the limited jurisdiction of the Court of Federal Claims.").

*Third*, this Court lacks jurisdiction over of any of Plaintiff's claims under Title 18 because this Court lacks "jurisdiction over criminal matters generally." *Jones*, 440 F. App'x at 918; Compl. at 11–12, 14, 16.  Plaintiff alleges violations of 18 U.S.C. §§ 505, 514, 2382.  Compl. at 11–12, 14, 16.  Indeed, it is well established that this Court lacks jurisdiction over claims of criminal conduct and "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua*, 17 F.3d at 379.  Accordingly, this Court lacks jurisdiction over Plaintiff's criminal claims.  *Id.*; *Jones*, 440 F. App'x at 918.

*Fourth*, this Court lacks jurisdiction over Plaintiff's claims brought under the Due Process Clause and Sixth Amendment.  *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).  Plaintiff contends that the Sixth Amendment "obligates the Court" to answer any questions or inquiries about "the nature of any action against them."  Compl. at 16–17.  He also makes passing references to due process, including that the Chief Judge McShane and Chief Justice Flynn acted "contrary to the compact constitutional law" and "without regard to the constitutional provisions," which this Court construes as a claim for violation of his due process rights under the Fifth and

---

Even if this Court had jurisdiction over Plaintiff's fiduciary duty claim, Plaintiff fails to state a claim because he does not plead sufficient facts to establish the elements of a breach of fiduciary duty.  *See Robinson v. United States*, No. 24-CV-166, 2024 WL 4524743, at *10 (Fed. Cl. Sept. 17, 2024) (quoting *Meyer Grp., Ltd. v. United States*, 115 Fed. Cl. 645, 650 (2014)); Flynn Notice at 33–35: *see generally* Compl.  The Flynn notice vaguely mentions fiduciary duty but does not impose a duty on the individuals who received the notices—the first element to establish a breach of fiduciary duty.  Flynn Notice at 33–35; *Robinson*, 2024 WL 4524743, at *10.  Accordingly, Plaintiff's breach of fiduciary duty claim could also be dismissed under Rule 12(b)(6).

Fourteenth Amendments.[10]  Compl. at 7–8, 11, 17.  Neither the Sixth Amendment nor the Due

Process Clauses of the Fifth or Fourteenth Amendments are money-mandating.  *See Allen v. United*

*States*, 88 F.4th 983, 986 n.2 (Fed. Cir. 2023); *Smith*, 709 F.3d at 1116 ("The law is well settled

that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the

payment of money. . . ."); *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The

Court of Federal Claims, however, does not have jurisdiction to render judgment on claims against

the United States based on the Sixth Amendment because it is not money mandating.").  Thus, this

Court lacks jurisdiction over Plaintiff's constitutional claims.

**CONCLUSION**

For the foregoing reasons, this Court **GRANTS** Defendant's Motion to Dismiss (ECF No.

7) pursuant to Rules 12(b)(1) and 12(h)(3) and, alternatively, pursuant to Rule 12(b)(6).

Accordingly, Plaintiff's Complaint is **DISMISSED** without leave to replead.  The Clerk of Court

is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

---

[10] Plaintiff's reference to actions that "are contrary to the compact constitutional law" could be construed as alleging a breach of the Constitution as a contract.  Compl. at 11 (alleging "actions [] contrary to the compact constitutional law"); *see also* Resp. at 8 (noting that "[t]he United States breached the contractual obligations of the constitution when it acts unconstitutionally, especially that it has been evident on record that plaintiff has suffered damages in the form of the First and Fourth Amendments of the Federal constitution.").  This sort of claim, however, fails under the Tucker Act.  *See Sepehry-Fard v. United States*, No. 20-1100, 2020 WL 6375161, at *2 (Fed. Cir. July 23, 2020) ("But the Constitution is not an express or implied contract between him and the federal government."); *Taylor v. United States*, 113 Fed. Cl. 171, 173 (2013).